IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| LORETTA HARRIS, individually by his mother as next friend and heiress of decedent's estate of Antonio Broomer, deceased, | * * * * * * | |
| Plaintiff, | * * | |
| v. | * * | CV 109-047 |
| RONALD STRENGTH, Sheriff of Richmond County, and COUNTY OF RICHMOND, GEORGIA, | * * * * | |
| Defendants. | * | |

O R D E R

The captioned case is before the Court *sua sponte*. On April 8, 2007, Mr. Antonio Broomer (decedent) died of pneumonia while within the custody of a Richmond County, Georgia, detention facility. On April 3, 2010, decedent's mother, Loretta Harris (Plaintiff), sued Ronald Strength, Sheriff of Richmond County, Georgia, and Richmond County itself, over decedent's death. (Doc. no. 1.) Plaintiff seeks money damages pursuant to 42

U.S.C. § 1983,[1] for the alleged deprivation of her son's federal constitutional rights suffered while he was incarcerated. Plaintiff also asserts separate, pendant state law claims. As discussed below, because Plaintiff lacks standing to bring her § 1983 claims, the Court lacks subject-matter jurisdiction over them, and this case shall be dismissed.

## DISCUSSION

"Whether a plaintiff has standing to sue is generally determined by assessing the allegations of his complaint." Cone Corp. v. Fl. Dept. of Transp., 921 F.2d 1190, 1206 n.50 (11th Cir. 1991)(citing Warth v. Seldin, 422 U.S. 490, 510 (1975)). Thus, the Court turns to the complaint. First, the caption of the complaint indicates that Plaintiff brings this action "[i]ndividually by his mother as next friend and heiress of decedent's estate of Antonio Broomer, deceased." The caption is,

---

[1] 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

2

at best, unclear as to what capacity, or capacities, Plaintiff intends to bring this suit. Nevertheless, the Eleventh Circuit "has held that the complaint itself, not the caption, controls the identification of the parties and the capacity in which they are sued." Welch v. Laney, 57 F.3d 1004, 1010 (11th Cir. 1995) (citing Lundgren v. McDaniel, 814 F.2d 600, 604 n.2 (11th Cir. 1987)). Turning to the allegations of the complaint itself, the court notes that in the opening paragraph, Plaintiff alleges that she is bringing this suit "individually *and* as heiress of the Estate of the deceased . . . ." (Compl. ¶ 1)(emphasis added). Later in the complaint, Plaintiff states that she is "heiress"[2] of decedent's estate, and also alleges that, as of the date of the complaint, there had been no administration of decedent's estate. (Compl. ¶ 4.) In the very next paragraph, Plaintiff alleges that she is the "personal representative"[3] of the decedent and is authorized to bring this action for personal injuries suffered by decedent, and the full value of decedent's life. (Compl. ¶ 5.)

---

[2] There is no allegation that Plaintiff is the only heir to decedent's estate.

[3] Under Georgia law, "'Personal representative' means any administrator, administrator with the will annexed, county administrator, or executor." O.C.G.A. § 53-1-2(12). Plaintiff claims to be none of these, and in fact belies her assertion that she is a personal representative in the immediately preceding paragraph, wherein she states, unequivocally, that as of the date of the complaint, there had been no administration of decedent's estate. (See Compl. ¶ 4.)

"Article III of the United States Constitution restricts the power of federal courts to adjudicating actual 'cases' and 'controversies.'" <u>Wooden v. Bd. of Regents of Univ. Sys. of Ga.</u>, 247 F.3d 1262, 1273 (11th Cir. 2001) (citing U.S. Const. art. III, § 2, cl. 1). "Perhaps the most important of the Article III doctrines grounded in the case-or-controversy requirement is that of standing." <u>Wooden</u>, 247 F.3d at 1273 (citing <u>Allen v. Wright</u>, 468 U.S. 737, 750 (1984)). "[E]very court has an independent duty to review standing as a basis for jurisdiction at any time, for every case it adjudicates."[4] <u>Fl. Ass'n of Med. Equip. Dealers v. Apfel</u>, 194 F.3d 1227, 1230 (11th Cir. 1999)(citing <u>FW/PBS, Inc. v. Dallas</u>, 493 U.S. 215, 231 (1990)).

In cases where a plaintiff seeks vindication of a decedent's rights under § 1983, the Eleventh Circuit has "concluded that 42 U.S.C. § 1988 incorporate[s] both Georgia's wrongful death statute and Georgia's survival statute in order to provide full remedies for the violations of [a] decedent's constitutional rights . . . ." <u>Carringer v. Rodgers</u>, 331 F.3d 844, 848 (11th Cir. 2003)(citing <u>Brazier v. Cherry</u>, 293 F.2d 401, 409 (5th Cir. 1961)).[5]

---

[4] Although the case is before the court *sua sponte*, the Court notes that both Defendants invoked the affirmative defense of lack of standing in their answers, as the thirteenth and fifteenth affirmative defenses, respectively. (Doc. nos. 9 & 10.)

[5] Fifth Circuit decisions handed down prior to October 1, 1981, are binding in the Eleventh Circuit. <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981).

4

Here, Plaintiff's claims for deprivations of decedent's constitutional rights are survival claims. See O.C.G.A. § 9-2-41; see also Robertson v. Hecksel, 420 F.3d 1254, 1261 (11th Cir. 2005)(discussing difference between § 1983 claims on behalf of a decedent for violation of the decedent's rights while alive, and § 1983 claims brought in a plaintiff's individual capacity for violation of the individual's rights). Under Georgia law, survival claims vest in the estate's personal representative, not in heirs and next of kin. Walden v. John D. Archbold Mem. Hosp., Inc., 197 Ga. App. 275, 273-74 (1990)(disapproved of on other grounds by First Christ Holiness Church v. Owens Temple First Christ Holiness Church, 282 Ga. 883, 887 (2008)); see also Anderson v. Jones, 508 F. Supp 399, 400 (N.D. Ga. 1980)(applying Georgia law and dismissing a § 1983 suit because "the plaintiffs have sued as individuals rather than as the personal representatives of the deceased and, consequently, the defendants claim that standing is lacking.")

Because Plaintiff has not been appointed as adminsitratrix, executrix, or any other personal representative of decedent's estate, she lacks standing to bring the § 1983 claims based upon the alleged deprivation of decedent's federal constitutional rights. The Court, therefore, lacks subject matter jurisdiction over these claims. See Cone Corp., 921 F.2d at 1203 n.42 ("Because standing is jurisdictional, a dismissal for lack of

5

standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).") (citing Morast v. Lance, 807 F.2d 926, 932 n.6 (11th Cir. 1987)). Plaintiff's assertions that she is "heiress" or "next friend" of decedent do not save her claims under the controlling Georgia law. Walden, 197 Ga. App. at 273-74. The § 1983 claims brought on behalf of decedent, therefore, are hereby dismissed.

To the extent that plaintiff asserts a § 1983 claim for deprivation of *her* federal constitutional rights due to decedent's death, such a claim is not cognizable in the Eleventh Circuit. Robertson, 420 F.3d at 1255 (holding that the Fourteenth Amendment's substantive due process protections do not extend to the relationship between a mother and her adult son). The Court therefore lacks subject-matter jurisdiction over this claim as well, and, to the extent one is raised, it is hereby dismissed.

Because the Court has dismissed all claims over which it has original jurisdiction—the § 1983 claims—the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, including her wrongful death claim. See 28 U.S.C. § 1367(c)(3).

## CONCLUSION

The Eleventh Circuit has instructed that "a federal court should not speculate concerning the existence of standing or 'piece together support for the plaintiff.'" Cone Corp., 921 F.2d at 1210 (quoting Anderson v. City of Alpharetta, 770 F.2d 1575, 1582 (11th Cir. 1985)). The court will not do so here.

Upon the foregoing, this action is **DISMISSED WITHOUT PREJUDICE.**[6] All pending motions in this case are **MOOT** and shall be **TERMINATED**. The clerk is **DIRECTED** to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 16th day of July, 2010.

*[signature]*

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[6] "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008)(citing Crotwell v. Hockman-Lewis Ltd., 734 F.2d 767, 769 (11th Cir. 1984)).